JS 44 CAND (Rev. 12/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EDWARD PRINGLE, on behalf of himself and all others similarly situated,

## DEFENDANTS
T-MOBILE USA, INC., and DOES 1-100 (Inclusive)

**(b)** County of Residence of First Listed Plaintiff   San Francisco, California
*(EXCEPT IN U.S. PLAINTIFF CASES)*

12-665 mEJ

County of Residence of First Listed Defendant   King County, Washington
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert W. Mills, Carolyn Beasley Burton, Joshua D. Boxer, Corey B. Bennett THE MILLS LAW FIRM, 880 Las Gallinas Avenue, Suite 2, San Rafael, CA 94903 Telephone: 415-455-1226

Attorneys *(If Known)*
Martin Fineman, DAVIS WRIGHT TREMAINE LLP, 505 Montgomery Street, Suite 800, San Francisco, CA 94111-6533 Telephone: 415-276-6500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332, 1441, 1446, 1453

Brief description of cause:
Song-Beverly Credit Card Act claims, Cal. Civ. Code Section 1747.08

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ more than $5 million

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☐ EUREKA

DATE   02/10/2012   SIGNATURE OF ATTORNEY OF RECORD   s/ Martin Fineman

1 | MARTIN L. FINEMAN (CA State Bar No. 104413)
2 | DAVIS WRIGHT TREMAINE LLP
  | 505 Montgomery Street, Suite 800
  | San Francisco, California 94111
3 | Telephone:     (415) 276-6500
  | Facsimile:     (415) 276-6599
4 | Email:         martinfineman@dwt.com

5 | STEPHEN M. RUMMAGE (*Pro hac vice application to follow*)
  | REBECCA FRANCIS (*Pro hac vice application to follow*)
6 | DAVIS WRIGHT TREMAINE LLP
  | 1201 Third Avenue, Suite 2200
7 | Seattle, Washington 98101-3045
  | Telephone:     (206) 622-3150
8 | Fax:           (206) 757-7700
  | Email:         steverummage@dwt.com
9 |                rebeccafrancis@dwt.com

10 |
11 | Attorneys for Defendant
   | T-Mobile USA, Inc.

12 |

13 |                UNITED STATES DISTRICT COURT

14 |            FOR THE NORTHERN DISTRICT OF CALIFORNIA

15 |

16 | EDWARD PRINGLE, on behalf of himself and )  Case No.
   | all others similarly situated,          )
17 |                                         )  **T-MOBILE USA, INC.'S NOTICE OF**
   |                Plaintiff,                )  **REMOVAL OF CLASS ACTION**
18 |                                         )  **COMPLAINT**
   |        v.                                )
19 |                                         )  **(Removed from Marin County Superior**
   | T-MOBILE USA, INC., and DOES 1-100,      )  **Court, Civil Case No. 1200132)**
20 |                                         )
   |                Defendants.               )  **State Action Filed:  January 10, 2012**
21 |                                         )

22 |

23 |

24 |

25 |

26 |

27 |

28 |

*DAVIS WRIGHT TREMAINE LLP* (vertical, left margin)

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant T-Mobile USA, Inc. ("T-Mobile"), removes to the United States District Court for the Northern District of California the above-captioned lawsuit, originally filed in the Superior Court of the State of California, County of Marin, under Civil Case No. 1200132.  In support of this Notice of Removal, T-Mobile alleges as follows:

## INTRODUCTION

1.     On January 10, 2012, Edward Pringle commenced this putative class action against T-Mobile in the Superior Court of the State of California, County of Marin.  A true and correct copy of the entire file in the Superior Court, including the Complaint, the Summons that accompanied the Complaint, and the Civil Case Cover Sheet, are attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

2.     Mr. Pringle served T-Mobile with a copy of the Complaint on January 13, 2012.

3.     Although Mr. Pringle has also named as defendants DOES 1-10, T-Mobile does not need the consent of those defendants to remove this action.  28 U.S.C. §§ 1441(a) & 1453(b); *Westwood Apex v. Contreras*, 644 F.3d 799, 806 (9th Cir. 2011).

### T-Mobile Timely Removed this Action

4.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because T-Mobile filed it within thirty days after completion of service.

### Mr. Pringle Brings a Proposed "Class Action"

5.     Mr. Pringle brings this case as a proposed class action (Compl. ¶¶ 4, 16-26), and seeks to certify a class under California Code of Civil Procedure § 382 and/or California Civil Code § 1781, Compl. ¶ 16.  This action is therefore a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought  by 1 or more representative persons as a class action."

T-MOBILE USA, INC.'S NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT
Pringle v. T-Mobile USA, Inc.
DWT 18985922v1 0048172-000508

DAVIS WRIGHT TREMAINE LLP

**Mr. Pringle Proposes a Class of More than 100 Persons**

6.     Mr. Pringle asserts a claim for violation of the Song-Beverly Credit Card Act ("SBCCA"), Cal. Civ. Code § 1747.08 (Compl. ¶¶ 27-36), on behalf of the following proposed class:

> All California consumers from whom T-Mobile requested and recorded their "personal identification information" as a condition to accepting a credit card as payment in full or in part for goods or services at T-Mobile retail stores within the statutory period.

*Id.* ¶ 17.aslfjds

7.     Mr. Pringle alleges that "T-Mobile has hundreds of retail stores throughout California, as well as hundreds of thousands or millions of customers." *Id.* ¶ 18.

8.     Although T-Mobile denies liability, its business records show it processed hundreds of thousands of credit card transactions in its California retail stores during the statutory limitations period for Mr. Pringle's claims, January 10, 2011 to January 10, 2012. Declaration of Timothy Staley, February 9, 2012 ("Staley Decl.") ¶ 2; *TJX Cos. v. Superior Court*, 163 Cal. App. 4th 80, 84-87 (2008) (one-year limitations period applies to SBCCA claims); *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1211 (C.D. Cal. 2008) (same). Mr. Pringle alleges "Defendant T-Mobile routinely required and recorded personal identification information from cardholders who engaged in credit card transactions at their retail stores in the State of California and continues to do so." Compl. ¶ 30.

9.     Although T-Mobile contests the propriety of class certification, for purposes of removal, Mr. Pringle's allegations and the number of T-Mobile's California store credit card transactions show the proposed class exceeds 100 members. 28 U.S.C. § 1332(d)(5)(B); *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (court determines propriety of removal "solely on the basis of pleadings filed in state court"); *Morey v. Louis Vuitton N. Am., Inc.*, 2011 WL 6256963, at *1 (9th Cir. Dec. 15, 2011) (CAFA's class-size requirement met where defendant processed "'substantially in excess of 5,000 credit card transactions' during the class period, a number that reasonably implies at least 100 separate credit card users"); *Tompkins v. Basic Research LL*, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (CAFA's class-size

DAVIS WRIGHT TREMAINE LLP

1   requirement met where complaint alleged class of "thousands of persons," "implying a logical

2   minimum of 2,000 class members").

3   ### The Amount in Controversy Exceeds $5,000,000

4       10.    For purposes of removal under CAFA, "the claims of the individual class members

5   shall be aggregated to determine whether the amount in controversy exceeds the sum or value of

6   $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Based on Mr. Pringle's

7   allegations, this is an "action in which the matter in controversy exceeds the sum or value of

8   $5,000,000." *Id.* § 1332(d)(2).

9       11.    In determining whether the removing party has satisfied the amount-in-controversy

10   requirement, the court looks first to the complaint. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d

11   395, 399 (9th Cir. 2010). In the event of an effort to remand, "when the complaint does not

12   contain any specific amount of damages sought, the party seeking removal under diversity bears

13   the burden of showing, by a preponderance of the evidence, that the amount in controversy

14   exceeds the statutory amount." *Id.* at 397 (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d

15   696, 699 (9th Cir. 2007)). Courts may consider "summary-judgment-type evidence relevant to the

16   amount in controversy at the time of removal." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d

17   676, 690 (9th Cir. 2006) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th

18   Cir. 1997)). The Court may also consider supplemental evidence later offered by the removing

19   defendant and not included in the original removal notice. *Cohn v. Petsmart, Inc.*, 281 F.3d 837,

20   840 n.1 (9th Cir. 2002).

21       12.    T-Mobile denies Mr. Pringle's allegations of T-Mobile's liability and will oppose

22   certification of the putative class. For purposes of establishing the jurisdictional predicates for

23   removal, however, Mr. Pringle's allegations and the number of T-Mobile's California store credit

24   card transactions establish that the amount in controversy exceeds $5,000,000. *See Morey*, 2011

25   WL 6256963, at *1 (CAFA's amount-in-controversy requirement met for SBCCA claim where

26   defendant processed at least 5,000 credit card transactions); *Korn v. Polo Ralph Lauren Corp.*, 536

27   F. Supp. 2d 1199, 1205-06 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in

28   controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."). *See also*

DAVIS WRIGHT TREMAINE LLP

1  *Lewis*, 627 F.3d at 400 (defendant not required to admit liability to remove under CAFA); *Grant v.*

2  *Capital Mgmt. Servs., L.P.*, 2011 WL 3874877, at *1 (9th Cir. Sept. 2, 2011) (same).

3      13.   Mr. Pringle alleges that "T-Mobile has hundreds of retail stores throughout

4  California, as well as hundreds of thousands or millions of customers." Compl. ¶ 18.

5      14.   Mr. Pringle alleges his claims "are typical of the claims of the class." *Id.* ¶ 22. On

6  behalf of the proposed class, he seeks "maximum statutory penalties of two hundred fifty dollars

7  ($250.00) for the first violation and one thousand dollars ($1,000) for each additional violation

8  pursuant to Cal. Civ. Code § 1747.08(e)." *Id.* ¶ 35; *see also* Compl., Prayer for Relief ¶ d. Mr.

9  Pringle also seeks "restitutionary relief and disgorg[ement of] Defendant's ill-gotten gains," and

10  attorney's fees and costs. Compl., Prayer for Relief ¶¶ e, g, h; *see Chabner v. United of Omaha*

11  *Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (court should include amount of attorney's

12  fees plaintiffs claim, aggregated on a class-wide basis, in determining whether amount-in-

13  controversy requirement met) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

14  1998)).

15      15.   Although T-Mobile denies liability, its business records show that it processed

16  hundreds of thousands of credit card transactions in California retail stores during the statutory

17  limitations period for Mr. Pringle's claims, January 10, 2011 to January 10, 2012. Staley Decl.

18  ¶ 2; *TJX Cos.*, 163 Cal. App. 4th at 84-87 (one-year limitations period applies to SBCCA claims);

19  *Shabaz*, 586 F. Supp. 2d at 1211 (same).

20      16.   "[T]he [SBCCA] caps the penalty at $250 for the defendant's first violation, and

21  then at $1,000 for each subsequent violation, regardless of whether the defendant's subsequent

22  violation aggrieved the same victim as the first violation." *Morey*, 2011 WL 6256963, at *1

23  (reversing remand order because SBCCA "does not necessarily limit the recoverable penalty to

24  $250 for the defendant's first violation *against each separate victim*," and because defendant

25  showed it processed over 5,000 credit card transactions).

26      17.   Based on Mr. Pringle's allegations and the number of T-Mobile's California store

27  credit card transactions, the amount in controversy vastly exceeds $5 million. As explained above,

28  this case involves hundreds of thousands of credit card transactions, and this Court has jurisdiction

*DAVIS WRIGHT TREMAINE LLP*

over SBCCA claims involving anything more than 5,000 transactions under CAFA. *Morey*, 2011 WL 6256963, at *1 ("Because the amount in controversy could be as much as $1,000 for each subsequent violation, and it is undisputed that there were 'substantially in excess' of 5,000 credit card transactions, the preponderance of the evidence shows that the amount in controversy exceeds $5 million."); *Korn*, 536 F. Supp. 2d at 1205-06 (where plaintiff seeks maximum penalties for each class member under the SBCCA, defendant need only show at least 5,001 credit card transactions; citing cases). Thus, Mr. Pringle has placed more than $5 million in controversy.

## Diversity Exists

18.     Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

19.     "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1). Federal courts apply the "nerve center" test to determine a corporation's principal place of business. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186, 1192 (2010). The company's officers or members "direct, control, and coordinate" the company's activities from the "nerve center." *Id.* at 1192. The "nerve center" will "normally be the place where the [company] maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

20.     T-Mobile is incorporated under the laws of Delaware. Compl. ¶ 6; Staley Decl. ¶ 3. Although T-Mobile has stores in California (Compl. ¶ 6), T-Mobile's headquarters is located in the State of Washington, and T-Mobile's executives and officers "direct, control, and coordinate" T-Mobile's activities from its Washington State headquarters. Staley Decl. ¶ 3. For diversity purposes, T-Mobile is a citizen of both Delaware and Washington State. 28 U.S.C. § 1332(c)(1); *Hertz*, 130 S. Ct. at 1192.

21.     Mr. Pringle alleges that he "is, and at all times relevant herein was, a resident of San Francisco, California." Compl. ¶ 5.

DAVIS WRIGHT TREMAINE LLP

22.     Mr. Pringle brings this lawsuit on behalf of "[a]ll California consumers from whom T-Mobile requested and recorded their 'personal identification information' as a condition to accepting a credit card as payment in full or in part for goods or services at T-Mobile retail stores within the statutory time period." *Id.* ¶ 17.

23.     Because the parties are diverse, this case satisfies the diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

### The Exceptions to Jurisdiction Do Not Apply

24.     The exceptions to jurisdiction set forth in 28 U.S.C. § 1332(d)(3) and (4) do not apply because T-Mobile is not a citizen of the State in which Mr. Pringle originally filed this action. 28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(A)(i)(II)(cc), 1332(d)(4)(B).

### T-Mobile Has Satisfied the Remaining Procedural Requirements for Removal

25.     The Court has original jurisdiction over this action under 28 U.S.C. § 1332(d).  T-Mobile may remove this action to this Court under 28 U.S.C. §§ 1441, 1446, and 1453.  Because Mr. Pringle filed the state court action in the Superior Court for the County of Marin, T-Mobile has properly removed the state court action to the Northern District of California, and venue in the San Francisco Division or Oakland Division would be appropriate under 28 U.S.C. §§ 84(a), 1391, and 1446(a), and Civil L.R. 3-2(d).

26.     A copy of all process, pleadings, and orders served on T-Mobile in the state court action are attached as **Exhibit A**, pursuant to 28 U.S.C. § 1446(a).

27.     T-Mobile certifies that it will promptly give written notice of the filing of the original Notice of Removal to Mr. Pringle, and file a copy of the Notice of Removal with the Clerk of the Superior Court for the County of Marin, pursuant to 28 U.S.C. § 1446(d).

DAVIS WRIGHT TREMAINE LLP

1    WHEREFORE, T-Mobile requests that the above-described civil action be removed from

2    the Superior Court of the State of California for the County of Marin to the United States District

3    Court for the Northern District of California.

4    Dated: February 10, 2012.

5                                              Respectfully Submitted,

6                                              DAVIS WRIGHT TREMAINE LLP

7                                              By:_____

8                                                         Martin L. Fineman

9                                              Attorneys for Defendant
                                               T-MOBILE USA, INC.

# EXHIBIT A

| MARIN SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN | | |
|---|---|---|
| EDWARD PRINGLE | DATE FILED: | 1/10/2012 |
| Plaintiff(s) | CASE TYPE: | Civil Complaint |
| VS. | CASE SUBTYPE: | Miscellaneous / Other |
| T-MOBILE USA, INC. | DATE OF LAST ACTIVITY: | 1/31/2012 |
| Defendant(s) | DATE/TIME RUN: | 02/06/2012 12:00 PM |
| REGISTER OF ACTIONS | CASE NUMBER: | CIV 1200132 |

INVOLVED PERSON/PARTY AND ATTORNEY SUMMARY:

PRINGLE, EDWARD  is the Plaintiff and is represented by: MILLS, ROBERT W.

T-MOBILE USA, INC. is the Defendant and is represented by:

REGISTER OF ACTIONS:

| | |
|---|---|
| 01/10/2012 | CASE OPEN / ACTIVE STATUS HON. FAYE D'OPAL |
| 01/10/2012 | FILING FEE PROCESSED: PLTF, EDWARD PRINGLE - 395.00 |
| 01/10/2012 | COMPLAINT/FIRST PAPER DAMAGES IN VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1747.08 (SONG-BEVERLY CREDIT CARD ACT) |
| 01/10/2012 | SUMMONS ISSUED AND FILED |
| 01/10/2012 | HEARING CONFIRMED FOR: 03/23/2012 AT: 08:30 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: D04 |
| 01/10/2012 | HEARING CONFIRMED FOR: 04/23/2012 AT: 08:30 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: D04 |
| 01/10/2012 | HEARING CONFIRMED FOR: 06/01/2012 AT: 08:30 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: D04 |
| 01/31/2012 | PROOF OF SERVICE FILED, AS TO: DEFT, T-MOBILE USA, INC.; BY PERSONAL SERVICE ON 1/13/2012; PERSON SERVED; BECKY DEGEORGE, A PERSON AUTHORIZED TO ACCEPT SERVICE. |
| 01/31/2012 | APPEARANCE DROPPED FOR 03/23/2012 AT: 08:30 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: D04 DROP REASON: PROOF OF SERVICE FILED |

Scheduled Hearings for Departments beginning with Z are for Court use only – No Appearances Required.

Disclaimer: This Register of Actions is not an official court record.  For an official and/or certified record, visitors must obtain it from the Court.

**THE MILLS LAW FIRM**
Robert W. Mills, Esq. (Bar No. 062154)
Carolyn Beasley Burton, Esq. (Bar No. 184753)
Joshua D. Boxer, Esq. (Bar No. 226712)
Corey B. Bennett, Esq. (Bar No. 267816)
880 Las Gallinas Avenue, Suite 2
San Rafael, CA 94903
Tel: 415-455-1326; Fax: 415-455-1327
Robert@millslawfirm.com
cbeasley@beasleylawgroup.biz
Josh@millslawfirm.com
Corey@millslawfirm.com



FILED

JAN 10 2012

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF MARIN

CIV **1 2 0 0 1 3 2**

EDWARD PRINGLE, on behalf of himself
and all others similarly situated,

        Plaintiff,

   v.

T-MOBILE USA, INC., and DOES 1-100
(INCLUSIVE)

        Defendants.

Case No.

**CLASS ACTION:**

**PLAINTIFF'S COMPLAINT FOR DAMAGES:**

1. **Violation of California Civil Code Section 1747.08 (Song-Berry Credit Card Act)**

**DEMAND FOR TRIAL BY JURY**

SUMMONS ISSUED

JAN 10 2012

PAID $ 225 ok

Plaintiff Edward Pringle, ("Plaintiff"), individually, and on behalf of all others similarly situated, alleges as follows:

## I.

## INTRODUCTION

1.     This is an action pursuant to California's Song Beverly Credit Card Act, California Civil Code Section 1747.08, which was enacted to protect consumers. The Song Beverly Act defines "personal identification information" as "information concerning the cardholder, other than information set forth on the credit card" and includes, but is not limited to, the cardholder's zip code, physical address, e-mail address and telephone number. *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal. 4th 524 (2011).

2.     The Song Beverly Act does not impose an absolute prohibition against requesting personal identification information, but it does prohibit a merchant from asking for such information *until after* a credit-card transaction has been completed. Further, it does not bar a merchant from advising the customer that his personal identification information is not required before asking if the customer would provide it nevertheless.

3.     Plaintiff, individually and on behalf of all others similarly situated, brings this action against T-Mobile USA, Inc. (hereinafter "T-Mobile" or "Defendant") based upon Defendant's uniform policy and practice within the State of California of requiring, as a condition of accepting a credit card as payment in full or part for goods or services, that the cardholder provide personal identification information, which T-Mobile then writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise, in violation of Cal. Civ. Code § 1747.08.

4.     Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. If successful, this action will enforce an important right affecting the public interest and will confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

## II.

## THE PARTIES

5.     Plaintiff Edward Pringle is, and at all times relevant herein was, a resident of San Francisco, California. During the relevant time period, Plaintiff was required to provide his personal identification information to Defendant as a condition of entering into a credit card transaction for T-Mobile goods in Marin County, California.

6.     Defendant T-Mobile USA, Inc. is, and at all times relevant herein was, a Delaware corporation operating in the State of California, and has retail locations in Marin County.  During all times relevant herein, Defendant T-Mobile had a uniform policy and practice of requiring, as a condition to accepting a credit card as payment in full or part for goods or services, that the cardholder provide personal identification information, which T-Mobile then wrote, caused to be written, or otherwise recorded upon the credit card transaction form or otherwise, in violation of California Civil Code Section 1747.08.

7.     Plaintiff is informed, believes, and thereon alleges that DOES 1 through 100, inclusive, are also engaged in the policy and practices described above in violation of California Civil Code Section 1747.08.

8.     The true names and capacities, whether individual, corporate, associate or otherwise, of DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names.  Plaintiff alleges, on information and belief, that each DOE defendant is responsible for the actions herein alleged. Plaintiff will seek leave of the Court to replace the fictitious names of these entities with their true names when they are discovered.

9.     Except as otherwise pleaded herein, Plaintiff is informed and believes that each of the Defendants was acting as the agent, employee, servant or representative of each of the remaining Defendants, and in doing the things and acts alleged herein, was acting within the course and scope of that agency, employment, service and representation, and with the knowledge,

ratification, approval, authorization, and consent of each of the other Defendants, and/or their officers and/or managing agents.

10. At all times mentioned herein, Defendant was engaged in conduct in violation of Cal. Civ. Code § 1747.08 that is the subject of this Complaint, throughout the State of California, including Marin County, California.

## III.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to the California Constitution, Article XI, Section 10 and California Code of Civil Procedure ("CCP") § 410.10 because Defendants have engaged, and continue to engage, in substantial and continuous business practices in the State of California; the injuries, damages and/or harm alleged herein occurred or arose out of activities engaged in by Defendant within, and affecting, the State of California; and the allegations are sufficient to sustain the causes of action without resort to federal law.

12. Venue is proper in Marin County, California pursuant to CCP § 395 and because many of the Defendants' acts complained of herein occurred at a retail store located in Marin County, California.

13. As such, Plaintiff alleges that jurisdiction and venue is proper in this Court.

## IV.

## FACTS

14. On or about November 4, 2011, Plaintiff Edward Pringle made a purchase of goods from Defendant's retail store at 5800 Northgate Mall, Suite 45, in San Rafael, California.

15. In connection with this transaction, Plaintiff was required, as condition of using credit card as payment for said goods, to provide his personal identification information to Defendants. Plaintiff was required to enter his zip code into Defendants' electronic keypad. At no time did the T-Mobile cashier advise Plaintiff that his personal identification information was not required. Upon information and belief, Defendant then recorded Plaintiff's zip code, a practice used to obtain additional aspects of a cardholder's personal identification information pursuant to

Defendant's uniform and customary policy, in violation of California Civil Code Section 1747.08. Upon information and belief, Defendant trains and encourages its employees to solicit personal identification information from its customers in order to maintain and expand its databases, and otherwise employs an electronic device programed to require the customer to enter his or her zip code in order to complete the credit card transaction.

**V.**

**CLASS ACTION ALLEGATIONS**

16.     Plaintiff will seek certification of a class or classes under California Code of Civil Procedure § 382 and/or California Civil Code § 1781.

17.     This claim is brought on behalf of a class consisting of:

> All California consumers from whom T-Mobile requested and recorded their "personal identification information" as a condition to accepting a credit card as payment in full or in part for goods or services at T-Mobile retail stores within the statutory time period.

18.     The exact number of members of the class as identified above is not known. However, T-Mobile has hundreds of retail stores throughout California, as well as hundreds of thousands or millions of customers.

19.     The class is so numerous that joinder of individual members is impracticable.

20.     There are questions of law or fact common to the **class** that are substantially similar and predominate over the questions affecting the individual members, namely whether:

> a.   Each Class member engaged in a credit card transaction with Defendant;
>
> b.   T-Mobile had or has a corporate policy and/or procedure to request and record "personal identification information" from Class members during credit card transactions made at the point of sale;
>
> c.   T-Mobile's conduct in requesting and recording the "personal identification information" of the Class members during credit card transactions made at the point of sale violates the Song-Beverly Credit Card Act §1747.08;

d. Class Members are entitled to statutory damages afforded by Cal. Civ. Code §1747.08(e); and

e. Class Members are entitled to attorneys' fees under Cal. Code of Civ. Pro. §1021.5.

21. The relief sought is common to the class. Each affected Plaintiff and class member will be entitled to, among other things, civil penalties pursuant to Cal. Civ. Code § 1747.08(e).

22. The claims of Plaintiffs, who are representatives of the class identified above, are typical of the claims of the class. The claims of all members depend upon a showing of the acts and omissions of Defendant described herein giving rise to the right of Plaintiffs to the relief sought.

23. There is no conflict as between the individually named Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

24. The named Plaintiff is the representative parties for the class. He is able to and will fairly and adequately protect the interests of the class.

25. The attorneys for Plaintiff are experienced and capable in the field of consumer protection litigation. They have successfully prosecuted dozens of consumer class actions throughout the nation.

26. Certification of the class is appropriate under applicable law. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, and will create a substantial benefit to both the public and the courts in that:

a. Costs of prosecuting the action individually will vastly exceed the costs for prosecuting the case as a class action;

b. Class certification will obviate the necessity of a multiplicity of claims;

c. It is desirable to concentrate the litigation of these claims in this forum;

d. Unification of common questions of fact and law into a single proceeding before this Court will reduce the likelihood of inconsistent rulings, opinions, and decisions.

e. A class action is a superior means of fairly and efficiently resolving this dispute. Members of the class almost invariably lack the means to pay attorneys to prosecute their claims individually. Given the complexity of the issues presented here, individual claims are not sufficiently sizeable to attract the interest of highly able and dedicated attorneys who will prosecute them on a contingency basis. Only by aggregating claims can plaintiffs gain the leverage necessary to pursue a just and global resolution of the issues raised in this complaint. A class action is therefore essential to prevent a failure of justice.

f. Notice to the proposed class will be accomplished through direct mailing and emailing to the extent available, and otherwise through publication.

## VI.

### *FIRST CAUSE OF ACTION*

**(Violation of the Song-Beverly Credit Card Act, Cal. Civ. Code § 1747.08)**

27. Plaintiff refers to and incorporates by reference all allegations in the preceding paragraphs as though fully set forth herein.

28. Plaintiff and Class Members are "cardholders" who purchased merchandise from Defendant's retail stores using a credit card.

29. Defendant T-Mobile is a corporation and has hundreds of consumer retail stores in California which routinely accept credit cards for the transaction of business.

30. Defendant T-Mobile routinely required and recorded personal identification information from cardholders who engaged in credit card transactions at their retail stores in the State of California and continues to do so.

31. Upon information and belief, Defendant trains and encourages its employees to solicit personal identification information from its customers, or otherwise employs an electronic

device programed to require the customer to enter his or her zip code in order to complete the credit card transaction, in order to maintain and expand its databases.

32. Upon information and belief, the personal identification information obtained by T-Mobile at the point of sale from cardholders is utilized by Defendant to, *inter alia*, conduct targeted marketing campaigns. Further Defendant's business practice places consumers, including Plaintiff, at risk of harassment and invasion of privacy.

33. Defendant continues to routinely and intentionally engage in the conduct described in this cause of action with respect to every person who, while using a credit card, purchases any product from any of Defendant's retail store locations in the State of California.

34. Defendant does not utilize zip code information requested and recorded in any manner to verify the identity of the consumers making credit card purchases, nor are they required or permitted to by law or contract.

35. Based upon Defendant's violations as set forth herein, Plaintiff and Class members are entitled to a determination of liability and declaratory relief. Plaintiff and Class Members are also entitled to the maximum statutory penalties of two hundred fifty dollars ($250.00) for the first violation and one thousand dollars ($1,000) for each additional violation pursuant to Cal. Civ. Code §1747.08(e). The maximum and substantial penalties are warranted and properly awarded against this Defendant.

36. Plaintiff and Class members are also entitled to an award of attorney's fees pursuant to Cal. Code of Civ. Proc. §1021.5 given the (1) substantial benefit that will result to the general public as a result of this litigation and; and (2) necessity for, and the financial burden of, private enforcement of statutory consumer rights, and the California Constitutional right to privacy.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the class, prays for an order:

a. Certifying this case as a class action to afford the putative class members the procedural benefit of the Class Action device and to avoid the multiplicity of individual actions;

b. Certifying Plaintiff Edward Pringle as the class representative and his attorneys as Class Counsel;

c. Declaring the rights and liabilities of the parties;

d. Awarding Plaintiff and Class Members the maximum statutory penalty permissible pursuant to Cal. Civ. Code §1747.08(e);

e. Awarding Plaintiff and Class Members restitutionary relief and disgorging Defendant's ill-gotten gains.

f. Awarding Plaintiff and the Class Members pre-judgment and post-judgment interest according to California law;

g. Awarding Plaintiff and Class Members attorney's fees and costs under Cal. Code of Civ. Proc. §1021.5; and

h. For costs of suit; and

i. For such other and further relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: January 10, 2012

Respectfully submitted,
**THE MILLS LAW FIRM**

By: _____
     Robert W. Mills (SBN 062154)
     Carolyn Beasley Burton (SBN 184753)
     Joshua D. Boxer (SBN 226712)
     Corey B. Bennett (SBN 267816)

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

T-MOBILE USA, INC., AND DOES 1-100
(INCLUSIVE)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDWARD PRINGLE, on behalf of himself and all others similarly
situated



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

JAN 10 2012

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* MARIN COUNTY SUPERIOR COURT

3501 Civic Center Drive, San Rafael, CA 94903

**CASE NUMBER:**
*(Número del Caso):* **1 2 0 0 1 3 2**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

The Mills Law Firm, 880 Las Gallinas Avenue, Suite 2, San Rafael, CA 94903

DATE: January 10, 2012          Clerk, by  KIM TURNER / M. CHEN          , Deputy
*(Fecha)*                       *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| Robert W. Mills, Esq., SBN 062154 The Mills Law Firm 880 Las Gallinas Avenue, Suite Two San Rafael, CA 94903 415-455-1326 | | | | FILED JAN 3 1 2012 KIM TURNER Court Executive Officer MARIN COUNTY SUPERIOR COURT By: J. Chen, Deputy |
| Attorney for: Plaintiff | | Ref. No. or File No.: | | |
| Insert name of Court, and Judicial District and Branch Court: MARIN COUNTY SUPERIOR COURT | | | | |
| Plaintiff: EDWARD PRINGLE, et al. | | | | |
| Defendant: T-MOBILE USA, INC. | | | | |
| PROOF OF SERVICE SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number: CIV 1200132 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE; NOTICE TO PLAINTIFFS; ADR INFORMATION PACKAGE; CASE MANAGEMENT STATEMENT (BLANK); NOTICE OF TERMINATION OR MODIFICATION OF STAY (BLANK); NOTICE OF SETTLEMENT OF ENTIRE CASE (BLANK); STATEMENT OF AGREEMENT OR NONAGREEMENT (BLANK).

3. a. Party served:            T-MOBILE USA, INC.
   b. Person served:       BECKY DeGEORGE, a person authorized to accept for the party in item 3.a..

4. Address where the party was served:     CSC-LAWYERS INCORPORATING SERVICE
                                       2730 Gateway Oaks Drive
                                       Suite 100
                                       Sacramento, CA 95833

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jan. 13, 2012 (2) at: 2:14PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: T-MOBILE USA, INC.
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:                             Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Tyler DiMaria
   b. Western Attorney Services         d.  The Fee for Service was:
       75 Columbia Square                e.  I am: (3) registered California process server
       San Francisco, CA 94103-0001                    (i)  Independent Contractor
   c. 415 487-4140                                  (ii)  Registration No.:     2006-06
                                                 (iii)  County:               Sacramento
                                                   (iv)  Expiration Date:     Mon, Feb. 13, 2012

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Tue, Jan. 17, 2012

Judicial Council Form POS-010                   PROOF OF SERVICE                   (Tyler DiMaria)
Rule 2.150.(a)&(b) Rev January 1, 2007              SUMMONS                                         was.62457



**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

JAN 10 2012

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

PLAINTIFF: EDWARD Pringle .

vs.

DEFENDANT: T-Mobile USA. Inc

CASE NO. CIV 1 2 0 0 1 3 2 .

**NOTICE OF CASE
MANAGEMENT CONFERENCE
(CIVIL)**

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge **FAYE D'OPAL**, Department **F**. This assignment is for all purposes.

MCSC Civil Rule 1.18 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1.  IT IS ORDERED that the parties/counsel to this action shall:

    a.  Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

    Hearing on Failure to File Proof of Service    3, 23, 12   8:30 / 9:00 A.M.

    Hearing on Failure to Answer    4, 23, 12   8:30 / 9:00 A.M.

    b.  Appear for a Case Management Conference on    6, 1, 12   8:30 / 9:00 A.M.

2.  Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3.  You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4.  Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC (CRC 3.725). **(A $49.00 sanction will be charged for late filing of a statement.)**

    **Case Management Statement must be filed by**    5, 17, 12

5.  All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings are available online by 2:00 p.m. on the weekday preceding the hearing date at *http://www.marincourt.org/civil_tentative.htm.* If you need to make other arrangements, please call (415) 444-7170.